# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 816 | **DATE** | 6/21/2002 |
| **CASE TITLE** | Ricard Brown vs. Jo Anne Barnhart, Commissioner of Social Security | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order: Plaintiff Brown's Rule 59(e) Motion to Alter or Amend the Judgment as to EAJA Fees [25-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 2 4 2002 | 79 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | date mailed notice | |
| | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
JUN 2 4 2002

RICARD BROWN, )
)
Plaintiff, )
)
v. ) No. 00 C 816
)
JO ANNE BARNHART, ) Magistrate Judge Nan R. Nolan
Commissioner of Social Security )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

On April 22, 2002, the Court denied Plaintiff Ricard Brown's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Presently before the Court is Brown's Rule 59(e) Motion to Alter or Amend the Judgment as to EAJA Fees (Docket Entries #25 & #27). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the following reasons, the Court DENIES Brown's Rule 59(e) motion.

### Background

This order presumes familiarity with the Court's previous opinions, *Brown v. Massanari*, 167 F. Supp. 2d 1015 (N.D. Ill. 2001), *Brown v. Halter*, 154 F. Supp. 2d 1370 (N.D. Ill. 2001), and *Brown v. Barnhart*, No. 00 C 816, 2002 WL 663695 (N.D. Ill. Apr. 23, 2002). Because Brown asks the Court to alter or amend its judgment regarding attorney's fees, the Court will briefly summarize its previous ruling on that issue.



As noted in the Court's previous opinion, whether Brown is entitled to attorney's fees depends on whether the government's position was substantially justified. According to the Supreme Court, the government's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). The government bears the burden of establishing that its position was substantially justified. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). In making a substantial justification determination, a district court should consider both the government's prelitigation conduct as well as the government's conduct relative to the instant litigation. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996); *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). However, the court makes only one determination for the entire civil action. *Hallmark*, 200 F.3d at 1081; *Jackson*, 94 F.3d at 279-80; *Marcus*, 17 F.3d at 1036; *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991). The government's position can be substantially justified even though it is incorrect. *Pierce*, 487 U.S. at 569 (stating that "[the government] could take a position that is substantially justified, yet lose").

Brown's motion for attorney's fees presented only one argument to the Court: Brown argued, without citation to authority, that the ALJ's failure to consider "an entire period of time during which the claimant alleged disability" precludes a finding that the government's position was substantially justified. (Pl.'s EAJA Reply Brief, at 1-2.)[1] The Court rejected that argument, concluding that the government's position was substantially justified. *Brown*, 2002 WL 663695, at *5. In reaching this

---

[1] Because Brown's initial motion does not contain any argument (Brown reasoned that he did not need to present any arguments because the government bore the burden of establishing that its position was substantially justified, (Pl.'s Mot. for Attorney's Fees at 1)), the Court quotes from Brown's reply brief—the only submission by Brown prior to the Court's judgment that contained an argument on the fee issue.

conclusion, the Court analyzed both the government's prelitigation and litigation positions. The government's prelitigation position was that Brown was not disabled at any point from June 1994 through February 1998. Reasoning that the record contained enough medical evidence from which the government could rationally argue that Brown was not entitled to benefits, the Court concluded that the government's decision to deny benefits was substantially justified. *Id.* at *4. Regarding the litigation stage of the proceedings, the Court noted that the parties' arguments focused on whether the ALJ failed to separately consider whether Brown was disabled during the closed period of June 1994 to October 1995. Although the Court ultimately remanded this issue to the ALJ, the Court's opinion remanding the case did not hold that Brown was disabled during this period, i.e., the Court did not hold that the medical evidence was insufficient to support a determination that Brown was not disabled during the closed period of June 1994 to October 1995. Rather, the Court held that the ALJ's decision was not sufficiently clear as to whether "he evaluated [the earlier] evidence separately in order to determine if Plaintiff was disabled during the closed period." *Brown*, 167 F. Supp. 2d at 1020. In the attorney's-fees opinion, the Court reasoned that because the ALJ (1) discussed the pre-October 1995 evidence, (2) instructed the vocational expert to consider an individual who was thirty-two to thirty-six years old (Brown was approximately thirty-two years old in June 1994), and (3) specifically found that Brown had not been under a disability at any time since June 2, 1994, the government had a rational ground for thinking it was rational to defend the Secretary's denial of benefits. *Brown*, 2002 WL 663695, at *4 (citing *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994), for the proposition that "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action"). Accordingly,

the Court concluded that the government's position was substantially justified and, therefore, Brown was not entitled to attorney's fees under the EAJA. *Brown*, 2002 WL 663695, at *4-5.

## Legal Standard

Federal Rule of Civil Procedure 59(e) permits parties to file a motion to alter or amend a judgment no later than 10 days after entry of the judgment. Fed. R. Civ. P. 59(e). "Motions for reconsideration under Rule 59(e) are designed to correct manifest errors of law or fact or to present newly discovered evidence." *Goldberg v. Rainbow Path, Inc.*, No. 96 C 6548, 1998 WL 102710, at *1 (N.D. Ill. Mar. 2, 1998) (citing *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)); *see also Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, No. 00 C 2098, 2002 WL 215535, at *1 (N.D. Ill. Feb. 12, 2002). A litigant may not use a Rule 59(e) motion to raise new arguments which could have been raised before judgment was entered. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 730 (7th Cir. 1999); *Havoco of Am., Ltd. v. Sumitomo Corp. of Am.*, 971 F.2d 1332, 1336 (7th Cir. 1992); *Goldberg*, 1998 WL 102710, at *1. With these principles in mind, the Court considers the plaintiff's motion.

## Discussion

Brown's Rule 59(e) motion presents four principal arguments. Two of these arguments do not require much discussion. First, Brown argues that the ALJ's failure to follow Social Security Ruling 96-2p precludes a finding that the government's position was substantially justified. However, because Brown never made this argument in his initial motion, this argument is not a proper ground for altering or amending the Court's judgment. *Popovits*, 185 F.3d at 730. Second, Brown argues that the Court made a factual error. In its opinion concerning attorney's fees, the Court noted that "Brown did not challenge the ALJ's determination that he was not disabled for the

period following his back surgery—October 1995 to February 1998." *Brown*, 2002 WL 663695, at *4. In his Rule 59(e) motion, Brown states that he did challenge this determination by the ALJ. Assuming that Brown is correct, this fact does not provide a reason for altering or amending the Court's judgment regarding attorney's fees. In the attorney's-fees opinion, the Court reasoned that the litigation phase of this case concerned only one issue—whether the ALJ's conclusion that Brown was not disabled between June 1994 and October 1995 was supported by substantial evidence. *Brown*, 2002 WL 663695, at *4. The Court then concluded that the government's position on this issue, although ultimately incorrect, was substantially justified. *Id.* at *4-5. Even if the Court were to assume that the scope of the litigation was broader, i.e., that the litigation also concerned whether the ALJ's decision to deny benefits for the period of October 1995 to February 1998 was supported by substantial evidence, this fact would not undermine the Court's conclusion that the government's litigation position was substantially justified. It is clear that the government's decision to oppose benefits for the period of October 1995 to February 1998 was also substantially justified. The medical evidence in the record indicates that Brown's back surgery was "successful" and that Brown could return to work. *Id.* at *1. Furthermore, the ALJ relied on a post-surgery evaluation of Brown to determine Brown's residual functional capacity and to pose hypothetical questions to the vocational expert. *Id.* at *2. Based on the vocational experts answers, the ALJ concluded that Brown could perform a significant number of jobs in the national economy and, therefore, he was not disabled. *Id.* The government's decision to defend this portion of the ALJ's decision was substantially justified. Accordingly, the Court concludes that Brown's first two arguments do not provide a basis for altering or amending the Court's judgment on attorney's fees.

Brown next argues that the Court incorrectly analyzed the government's overall position when determining whether the government's position was substantially justified. According to Brown, a court's substantial justification inquiry should focus only on the issue that required remand. Brown contends that a failure to focus exclusively on the issue that required remand constitutes "argument counting"—an approach which was rejected by the District Court in *Mallette v. Sullivan*, No. 87 C 4873, 1990 WL 19894 (N.D. Ill. Feb. 15, 1990). The Court is not persuaded by this argument.

In *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835 (N.D. Ill. May 16, 2001), the plaintiff moved the court to alter or amend its judgment denying attorney's fees under the EAJA. As in this case, the plaintiff in *Lane* argued that a court's substantial justification determination should focus only on the issue upon which the court granted remand and that consideration of other arguments constitutes "argument counting." *Id.* at *3 & n.6. In a well-reasoned opinion, the *Lane* court rejected the plaintiff's argument, concluding that "the Seventh Circuit [has] made it explicitly clear that the 'position' of the government encompasses the entire civil action—and not any one individual argument." *Id.* The Court agrees with the *Lane* court's analysis of this circuit's case law. *See Hallmark*, 200 F.3d at 1080 (stating that "it is rare that a single factor will be dispositive of whether the government's position was substantially justified, and the district court's analysis should contain an evaluation of the factual and legal support for the government's position throughout the entire proceeding"); *Jackson*, 94 F.3d at 279-80 (stating that although "[t]he government may have been incorrect in advocating [one] position . . . . being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action"); *Cummings*, 950 F.2d at 500 (stating that a court "must consider the position of the United States,

which encompasses the government's conduct before the agency and the court, and make only one threshold determination for the entire civil action") (internal quotations and citation omitted). The Court notes that the Seventh Circuit's position is supported by both Supreme Court case law, *see Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990) (stating that "[w]hile the parties' postures on individual matters may be more or less justified, the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items"), and the law of the Fourth Circuit, *see Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993) (holding that "when determining whether the government's position in a case is substantially justified, [a court must] look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation"). Although the Ninth Circuit agrees with Brown's position, *see Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995) (reasoning that EAJA inquiry should focus on "only the procedural issues on which the district court reversed"), *Flores* is not binding authority in this circuit. *Lane*, 2001 WL 521835, at *3 n.8 (noting that *Flores* is contrary to Seventh Circuit case law). Based on these cases, the Court holds that a district court's substantial justification inquiry is not restricted to only that issue which required remand. Furthermore, the Court's consideration of these other issues does not mean that the Court engaged in "argument counting." The *Lane* court correctly reasoned that a court must consider the individual issues in order to make one overall assessment of the government's position—an assessment required by circuit precedent. *Id.* at *3 n.6. In the previous opinion regarding attorney's fees, this Court did not "count" arguments. The Court simply considered the overall position of the government. *See Brown*, 2002 WL 663695, at *4-5. Accordingly, the Court

concludes that its consideration of issues other than the issue that required remand does not provide a basis for altering or amending the judgment on attorney's fees.

Brown's final argument is that the ALJ's failure to minimally articulate the reasons for his determination that Brown was not disabled during the closed period of June 1994 to October 1995 precludes a finding that the government's position was substantially justified. The Court concludes that Brown's argument is not supported by the case law. In *Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992), the Seventh Circuit affirmed the denial of a motion for attorney's fees under the EAJA even though the underlying case had been remanded because the ALJ's failed to meet the minimal level of articulation required by Seventh Circuit case law. The *Stein* court stated that "the ALJ['s] fail[ure] to meet this articulation requirement in no way necessitates a finding [that] the Secretary's position was not substantially justified." *Id.* at 320; *see also Crowder v. Massanari*, No. 00 C 5645, 2001 WL 1356142, at *1 (N.D. Ill. Oct. 30, 2001) (same); *Hill v. Apfel*, No. 99 C 6964, 2001 WL 127649, at *3 (N.D .Ill. Feb. 14, 2001) (same). Accordingly, the Court rejects Brown's final argument.

## Conclusion

For the foregoing reasons, the Court DENIES Brown's Motion to Alter or Amend the Judgment as to EAJA Fees.

ENTER:

_Nan R. Nolan_

**Nan R. Nolan**

**United States Magistrate Judge**

Dated: June 21, 2002